# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **DON WAYNE McKINNEY,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10CV00067 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **COMMONWEALTH OF** ) | By: James P. Jones |
| **VIRGINIA, ET AL.,** ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Don Wayne McKinney, Pro Se.*

In this pro se action under 42 U.S.C.A. § 1983 (West 2003), the plaintiff seeks to proceed in forma pauperis. Based on the affidavit filed by the plaintiff in another recent case filed by him,[1] I will allow the complaint to be filed without payment of the filing fee, pursuant to 28 U.S.C.A. § 1915(a)(1) (West 2006). However, upon examination of the complaint, I find that it is without merit and will dismiss it.

According to the complaint, the plaintiff accuses the Wise County Circuit Court of various acts which led to a "miscarriage of justice." To state a claim under § 1983, the plaintiff must allege that the violation was committed by a "person"

---

[1] The defendant is an experienced pro se filer in this court, most of which cases involve, in one way or the other, the same claims made here. *See, e.g., McKinney v. Kilgore*, No. 7:05-CV-00255, 2005 WL 1000369 (W.D. Va. Apr. 29, 2005); *McKinney v. Earls*, No. 2:03 CV 00153, 2004 WL 3249255 (W.D. Va. June 26, 2004), *aff'd*, 122 F. App'x 36 (4th Cir. 2005) (unpublished).

acting under the color of state law. 42 U.S.C.A. § 1983. States and governmental entities that are considered arms of the state for Eleventh Amendment purposes are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). State courts, such as the Wise County Circuit Court, are arms of the state for Eleventh Amendment purposes and thus are not amenable to suit under § 1983. *Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986); *Oliver v. Superior Court of Plymouth Cnty.*, 799 F. Supp. 1273 (D. Mass. 1992); *see also Richards v. State of N.Y. Appellate Div., Second Dep't*, 597 F. Supp. 689, 691 ( E.D.N.Y. 1984), *aff'd*, 767 F.2d 908 (2d Cir. 1985) (unpublished); *NAACP v. California*, 511 F. Supp. 1244, 1257-58 (E.D. Cal. 1981), *aff'd*, 711 F.2d 121 (9th Cir. 1983).

The plaintiff fails to state a claim on which relief may be granted, and accordingly, his action will be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West 2006).

A separate order will be entered herewith.

DATED: September 22, 2010

/s/ JAMES P. JONES
United States District Judge